GEORGE ST. PIERRE *vs.* WILLIAM A. WARNER.

PROVIDENCE—JULY 17, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Malicious Prosecution. Probable Cause on Advice of Counsel.*

The mere fact that the former judgment was in favor of the present plaintiff in an action for malicious prosecution, does not of itself show that the former prosecution was malicious.

(2) *Malicious Prosecution.*

Where it appears that a defendant, in an action for malicious prosecution, stated fully to his attorney the facts as he believed them to be and as he testified in the former suit, and proceeded in good faith on counsel's advice, he is not liable in an action for malicious prosecution, although the verdict in the former action was in favor of the then defendant.

TRESPASS ON THE CASE for malicious prosecution. Heard on petition of defendant for new trial, and petition granted.

(1)     PER CURIAM. The controlling question in this case is whether the defendant fairly stated to his attorney, in the suit which is here alleged to have been a malicious prosecution, the facts upon which such suit was based.

One question in controversy in the former case was whether St. Pierre was indebted to Warner for commissions on all sales of shingles which were made through Warner's procurement of the customers, or only for those where the order itself was received from Warner.

Upon this point it appears that Warner stated fully to his attorney the facts as he believed them to be, and as he testified in that suit.   The plaintiff in this case, defendant in the former case, claimed that the commissions due were only on orders sent directly from the plaintiff in that suit, and the jury found for the defendant.

The mere fact that the former judgment was in favor of St. Pierre does not of itself show that the former prosecution was malicious ; for, if it did, every unsuccessful plaintiff might be liable for malicious prosecution because he did not state what the defendant would testify about the contract in suit.

(2)     It is quite possible that the verdict was for the defendant in that case because of a lack of preponderance of testimony in favor of the plaintiff, although a strong corroboration appears in this case in the terms of a letter from St. Pierre to Warner, in which, after referring to commission, he agreed to ship promptly "on receipt of orders duly signed per parties ordering," thus showing that he did not expect the orders to come from Warner.

So far as the contract is concerned, it does not appear that Warner, in his case, failed to disclose all the facts within his

knowledge to his counsel, or that he did not proceed in good faith upon counsel's advice. *Newton* v. *Weaver*, 13 R. I. 616; *Goldstein* v. *Foulkes*, 19 R. I. 291. It is urged, however, that Warner knew he had no claim against St. Pierre, because they had settled all their claims March 21, 1900, before the former suit was brought. The testimony shows that Warner did not know of the sales to Currier at that time, and that the settlement only related to a note then in suit by St. Pierre against Warner, and to Warner's claim for commission on a sale to one Smith.

Doubtless it was supposed to cover all existing claims, because no others than those mentioned were then known to exist. But it did not in terms cover this one, and this was not in contemplation of the parties in the settlement. It related only to the "note and current account to date." It was signed only by St. Pierre, on a payment to him and clearly covered only his account against Warner.

The verdict was against the evidence, on the ground of probable cause upon advice of counsel.

Petition for new trial granted.

*Claude J. Farnsworth*, for plaintiff.

*E. K. Parker and Geo. T. Brown*, for defendant.